[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————————————

No. 06-12715

———————————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 10, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-60107 CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS J. FOLEY, III,
a.k.a. Thomas Richards,

Defendant,

LESLIE S. OSBORNE,

Interested Party-Appellant.

———————————————

Appeal from the United States District Court
for the Southern District of Florida

———————————————

**(October 10, 2007)**

Before ANDERSON and PRYOR, Circuit Judges, and VINING,* District Judge.

———————————

*Honorable Robert L. Vining, Jr., United States District Judge for the Northern District of Georgia, sitting by designation.

PER CURIAM:

After oral argument and careful consideration, we conclude that the judgment of the district court is due to be affirmed. The statute is clear that the trustee has the burden of proving by a preponderance of the evidence that the funds in the Union Bank account as of the time of its seizure by the FBI were funds of Global – i.e., that Global's legal interest in the funds was superior to the legal interest of the government. 21 U.S.C. §853(n)(6)(A). Notwithstanding the trustee's burden of proof, its argument in its brief on appeal relies entirely upon the assertion that the government has failed to trace the funds in the account as of that time to defendant Foley's criminal fraud. In other words, the trustee's argument is that the government has failed to prove that the funds were proceeds of the crime. Of course, if the funds in the account were proceeds of the crime, the Government's interest would prevail. Thus, the flaw in the trustee's argument on appeal is its failure to recognize that it, and not the government, bears the burden of proof.[1]

We have carefully examined the record on appeal. We readily conclude that the trustee has failed to carry its burden of proof. The only way the trustee could

---

[1] Although the district court clearly placed the burden of proof on the trustee, the trustee in its brief on appeal does not straightforwardly challenge that placement, and certainly advances no legal argument that the district court erred in this regard.

2

satisfy its burden of proof is by proving that the funds in the account as of the time of the FBI seizure were derived from legitimate business operations, as opposed to having been derived from Foley's criminal activity. Although the trustee makes the conclusory assertion that $80-$90,000 per month of legitimate income was generated from the ATM machines and that this income was "legitimate," the trustee wholly failed to prove that such funds were in fact legitimate. Indeed, the record suggests that such "earnings" were part of the criminal scheme in which Foley fraudulently assigned multiple investors to a single machine. The record contains no evidence of any persuasive attempt by the trustee to prove that the monthly earnings from the machines were in fact legitimate, or otherwise prove that the funds in the account as of the time of the FBI seizure were legitimate.[2]

Accordingly, the judgment of the district court is

AFFIRMED.

---

[2] At oral argument, the trustee argued for the first time that it had no opportunity to prove its case in the district court. However, this argument was not fairly presented in the trustee's initial brief on appeal. We decline to entertain an argument raised for the first time at oral argument.